IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Massinga, | No. CV-12-037-TUC-JGZ (BPV) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

On January 13, 2012, Petitioner Peter Massinga, who is confined in the Arizona State Prison Complex-Douglas in Douglas, Arizona, filed a *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Petitioner raises two grounds for relief. In Ground One, Petitioner contends that his Fourteenth Amendment rights to due process and equal protection were violated when a state statute regarding the burden of proof for proving a self-defense justification was improperly applied at his trial. In Ground Two, Petitioner contends that he was deprived of his Sixth Amendment right to the effective assistance of counsel at the trial and appellate stages of his criminal case.

The District Court screened the Petition and directed Respondents to file an Answer. (Doc. 6) Respondents filed an Answer on May 1, 2012, arguing that Ground One, a non-ineffective assistance of counsel (IAC) claim, was procedurally defaulted, and addressed Ground Two, an IAC claim, on the merits. (Doc. 15)

On December 3, 2012, Petitioner moved the Court to voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41, to allow Petitioner to raise a new claim in the state courts, or alternatively place this action on inactive status while Petitioner pursues state relief. (Doc. 22) Petitioner asserts that he has recently obtained transcripts demonstrating juror misconduct, and argues he should be allowed to return to the state courts to raise a new IAC claim against trial counsel for failing to discover or raise the juror misconduct claim (Doc. 22, at 2-6) and also faults trial counsel for failing to provide him with transcripts documenting the alleged juror misconduct. (*Id*.) Petitioner asserts that the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), will excuse the procedural default in these habeas proceedings for failing to raise the claim earlier. Alternatively, Petitioner moves to place the case on inactive status.

Respondents oppose the motion, arguing that *Martinez* does not apply to Petitioner's case, that any IAC claim will be untimely by the time Petitioner would be able to return to this Court, and Petitioner's request is in essence a request to amend the habeas and add a new IAC claim sometime in the future, which would be prohibited by Federal Rule of Civil Procedure 15(a).

Petitioner acknowledges in his Reply (Doc. 24) that he cannot amend his federal habeas petition to add the new claim because the claim he wishes to pursue is unexhausted, and, as Petitioner concedes, he must return to state court first to raise this claim. For the reasons stated below, the Magistrate Judge recommends that Plaintiffs' motion to dismiss be denied without prejudice and Defendant's motion to place the case on inactive status be denied.

### **Motion to Dismiss**

Petitioner requests dismissal of the present action, pursuant to Federal Rule of Civil Procedure 41. While there is no legal impediment to dismissal of Petitioner's habeas, the Magistrate Judge recommends that the motion be denied because dismissal of

the petition, without prejudice, would effectively result in a dismissal with prejudice because the limitations period will expire during the time Petitioner returns to state court to exhaust his new claim. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004)(acknowledging that dismissal of exhausted claims in a petition could result in the loss of those claims because the limitations period could expire during the time a petitioner returns to state court to exhaust other unexhausted claims). Under *Duncan v. Walker*, 533 U.S. 167 (2001), the filing of a petition for federal habeas corpus relief does not toll AEDPA's statute of limitations. *Id*. at 172.

### **Motion to Stay**

Petitioner requests in the alternative that the Court place the Petition on inactive status. In limited circumstances, a federal district court has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then return to federal court for review of his perfected petition. *Rhines v. Weber*, 544 U.S. 269 (2005). Because the petition before this Court is not a mixed petition, the *Rhines* analysis is inapplicable to Petitioner's motion to stay.

Stay of a fully exhausted petition is analyzed under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). Though this case is not entirely similar to *Kelly*, Petitioner's motion most clearly tracks the three-step stay-and-abeyance procedure outlined in *Kelly*, and the undersigned thus recommends that the District Court analyze the motion under that rubric. Under the *Kelly* three-step procedure (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). The *Rhines* and *Kelly* approaches are distinct

because "*Rhines* applies to stays of *mixed* petitions, whereas the three-step procedure applies to stays of *fully* exhausted petitions." *King*, 564 F.3d at 1140. Additionally, unlike a stay predicated on *Rhines*, a *Kelly* stay "does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." *King*, 564 F.3d at 1141. In *King*, the Ninth Circuit held that the three-step procedure outlined in *Kelly* "remains available after the Supreme Court's decision in *Rhines*," *id*., "because it does not leave a mixed petition pending, does not sanction any exception to [the exhaustion requirement] and so does not present the same dangers of abuse," *Id*. at 1140. They observed that the pendency of the federal petition did not toll the statute of limitations, meaning subsequently added (or re-added) claims had some likelihood of being untimely, and thus the *Kelly* procedures were unlikely to be abused. *Id*. at 1141.

Nonetheless, the Magistrate Judge recommends denial of Petitioner's motion to stay. The propriety of the stay-and-abeyance procedure under *Kelly* turns not on a showing of good cause for failure to exhaust state court remedies, rather a petitioner invokes *Kelly's* three-step procedure subject to the requirement that the amendment of any newly exhausted claims relate back into the petition to satisfy the requirements set forth by the Supreme Court in *Mayle v. Felix*, 545 U.S. 644 (2005). A timely filed petition for writ of habeas corpus does not preserve claims that are not included in the timely petition and which are presented for the first time after the expiration of the statute of limitations. *Mayle*, 545 U.S. at 657–664 (claims not presented in original, timely habeas petition, but only after the one-year limitations period expires, are untimely and not cognizable on habeas corpus review). Additionally, a timely filed habeas corpus petition does not toll the statute of limitations with respect to claims not included in that petition. *Duncan v. Walker*, 533 U.S. at 172.

Though Petitioner argues that he had good cause for failing to raise the unexhausted claim in earlier proceedings, Petitioner makes no argument that his claim "relates back" to the original petition under *Mayle*, *supra*. Though not entirely evident from Petitioner's reply, Petitioner seems to be arguing that once he exhausts the new IAC

claim in state court the new IAC claim would be timely under 28 U.S.C. § 2244(d)(1)(D), because the limitations period would have begun on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* (Doc. 24, at 2)(citing *Mardesich v. Cate*, 668 F.3d 1164 (9th Cir. 2010)(when a habeas petitioner challenges an administrative decision affecting the "fact or duration of his confinement," AEDPA's one-year statute of limitations runs from when the "factual predicate" of the habeas claims "could have been discovered through the exercise of due diligence." § 2244(d)(1)(D)) Presumably this is a date sometime in November, 2012 as Petitioner obtained, "contemporaneous with the filing" of Petitioner's motion to dismiss, the transcripts which formed the basis to allow Petitioner to litigate this issue for relief. (Doc. 22, at 2.)   At this time, however, the Magistrate Judge finds Petitioner has failed to demonstrate the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. Accordingly, the Magistrate Judge cannot recommend that the District Court exercise its discretion to stay the petition in order to allow Petitioner to return to state court because Petitioner has not demonstrated that the new claims would relate back to the original petition, or would otherwise be considered timely upon Petitioner's return to federal court.

### **Recommendation**

In conclusion, the Magistrate Judge RECOMMENDS that the District Court DENY Plaintiffs' motion to dismiss without prejudice (Doc. 22).

The Magistrate Judge FURTHER RECOMMENDS that the District Court DENY Defendant's motion for inactive status (Doc. 22).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed R. Civ.P. 72(b).

1        If objections are not timely filed, then the parties' rights to de novo review by the

2    District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114,

3    1121 (9th Cir) (en banc), cert. denied, 540 U.S. 900 (2003).

4        If objections are filed the parties should use the following case number: **CV 12-**

5    **0037-TUC-JGZ**.

6        Dated this 25th day of January, 2013.

7

8

9

10

11                             Bernardo P. Velasco

12                       United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28