# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Massinga,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV 12-0037-TUC-JGZ (BPV)<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Bernardo P. Velasco on January 28, 2013. (Doc.25.) The Magistrate Judge recommends denying without prejudice Petitioner's motion to dismiss his § 2254 Petition for Writ of Habeas Corpus. The Magistrate Judge also recommends denying Petitioner's motion to stay his Petition. On February 14, 2013, Petitioner filed an Objection to the pending R&R. (Doc. 26.) In his Objection, Petitioner contends that the Magistrate Judge erred in denying his motion to stay his Petition. For the following reasons, the Court accepts and adopts the Magistrate Judge's recommendation.

The Court reviews *de novo* the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

In his Petition, Petitioner asserts two grounds for relief: (1) his Fourteenth Amendment rights to due process and equal protection were violated when a state statute regarding the burden of proof for proving a self defense justification was improperly applied at his trial; and (2) he was deprived of his Sixth Amendment right to the effective assistance of counsel because his trial counsel incorrectly understood the law concerning the burden of proof for a self-defense justification. In his motion to stay, Petitioner argues that this case should be placed on inactive status in order to permit Petitioner to return to state court and exhaust a recently-discovered ineffective assistance of counsel ("IAC") claim. This new IAC claim would allege that during trial, a juror met with the victim's sister, the court allowed the juror to remain on the panel and Petitioner's counsel failed to object or move for a mistrial. Petitioner argues he should be permitted to return to state court to allege that his trial counsel was ineffective for failing to discover or raise the juror misconduct.[1] The Magistrate Judge recommended that Petitioner's motion to stay be denied because Petitioner has not demonstrated that the new claim would relate back to the original petition, or would otherwise be considered timely upon Petitioner's return to federal court. In the pending Objection, Petitioner asserts that his unexhausted claims relate back to this petition and therefore the Court should exercise its discretion to stay the proceedings and allow him time to return to state court to exhaust his new claim.

The Court agrees with the Magistrate Judge's conclusion that Petitioner's motion to stay be considered pursuant to the three-step procedure set forth in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). Under the *Kelly* three-step procedure (1) a petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) the petitioner later amends his petition and re-

---

[1] As the Magistrate Judge noted, it is unclear when Petitioner discovered his proposed new IAC claim. In his Objection, Petitioner alleges that he did not receive transcripts supporting the claim until January 16, 2013; this cannot be the date of discovery, however as the claim was raised in the motion to stay filed on December 3, 2012.

- 2 -

1  attaches the newly-exhausted claims to the original petition. *King*, 564 F.3d 1133, 1135 (9th
2  Cir. 2009).  This three-step procedure may only be invoked if the newly exhausted claims
3  relate back to the claims that have already been properly exhausted. *Id*. at 1143.  A claim
4  relates back to the petition if the original and amended petitions state claims that are tied to
5  a common core of operative facts. *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  In other words,
6  an amended petition does not relate back (and thereby escape the one-year time limit) when
7  it asserts a new ground for relief supported by facts that differ in both time and type from
8  those the original petition set forth.  *Id*. at 650.  Moreover, a timely filed habeas corpus
9  petition does not toll the statute of limitations with respect to claims not included in that
10 petition.  *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

11 Petitioner argues that his proposed IAC claim relates back to his original petition
12 because "the analyses for the new claim and the Petitioner's [original] claims are identical."
13 (Doc. 26, p. 3.)  Petitioner further claims that he has exercised due diligence in discovering
14 this new claim.  *(Id*. pp. 2-3.)  However, the test to determine whether a new claim relates
15 back to the petition is not whether the new claim alleges the same legal basis as the original
16 claim nor whether petitioner has exercised due diligence.  The question is whether the
17 original and amended petitions state claims that are tied to a common core of operative facts.
18 *Mayle*, 545 U.S. at 664.  Petitioner's new claim does not relate back to his original Petition.
19 Petitioner's new allegation of ineffective assistance of counsel differs in both time and type
20 from his exhausted claims.  The Petition alleges errors made by counsel concerning
21 arguments he made, pre-trial, as to the applicable burden of proof for an affirmative defense.
22 The proposed new IAC claim alleges that counsel was ineffective for failing to move for a
23 mistrial when alerted to possible juror misconduct. The exhausted and unexhausted claims
24 do not arise from a  common core of operative facts.  Accordingly, Petitioner's unexhausted
25 claim does not relate back to the claims in his petition and the Court will not grant a stay.
26 //
27 //
28 //

1  Accordingly, IT IS HEREBY ORDERED as follows:

2  (1) The Report and Recommendation (Doc. 25) is accepted and adopted.

3  (2) Petitioner's Motion to Dismiss without Prejudice / Motion for Inactive Status

4      (Doc. 22) is DENIED.

6  Dated this 26th day of June, 2013.

*Jennifer Zipps*
Jennifer G. Zipps
United States District Judge

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The Report and Recommendation (Doc. 25) is accepted and adopted.

(2) Petitioner's Motion to Dismiss without Prejudice / Motion for Inactive Status (Doc. 22) is DENIED.

Dated this 26th day of June, 2013.

_____
Jennifer G. Zipps
United States District Judge